UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | NO. 4:05CR40005-FDS |
| DONALD E. WHITNEY, III<br>  Defendant | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

The Defendant Donald Whitney through his attorney submits this sentencing memorandum. The Defendant is scheduled to be sentenced on December 9, 2005. For the reasons provided below the Defendant's recommendation is 10 to 12 months to serve and three years probation.

I.   BACKGROUND

On August 25, 2005 the defendant plead guilty to four counts. The defendant plead guilty to 21 U.S.C. sec. 846 conspiracy to distribute ecstasy. The defendant plead guilty to three counts of 21 U.S.C. 841(a)(1) possession of ecstasy with intent to distribute and to distribution of ecstasy and three counts of 18 U.S.C. sec. 2 aiding and abetting.

On February 2, 2005 the defendant was arrested. Donald Whitney upon his arrest immediately attempted to assist the government. He agreed to cooperate with the government. He assisted in the arrest of Michael Harris for drugs. He told the government that Nicholas Rheault was his supplier for ecstasy. He got the government a new phone number for Rheault. Donald Whitney at the request of the government agents placed a call to a friend who identified

Rheault's girlfriend as a conduit to reach Rheault. Donald Whitney left a message for Rheault to return his call.

Minutes later Rheault returned his call and in that call monitored by government agents and at their behest he set up a purchase of 200 ecstasy tablets for $2,500.00. A number of follow up calls led to the determination that the ecstasy would not be available till the next day. The agents determined that they would arrest Rheault that day instead of waiting. Donald Whitney, fearing for officers safety, told them about a 9 mm Luger that Rheault had. A firearm was recovered from the Rheault's residence. Donald Whitney then gave the agents a detailed description of Rheault's apartment which aided in Rheault's capture, the recovery of the weapon and agent safety. Donald Whitney did more than cooperate with the government he offered them information unsolicited to help protect the agents safety. Donald Whitney provided substantial assistance to the government.

The defendant admitted to a series of four pill transactions which took place on November 3, 2005, November 4, 2005, November 10, 2005 and December 2, 2005. The total weight of the ecstasy the defendant was responsible for was 107.19 grams of ecstasy which translates to 53.59 kilograms of Marijuana.

II.   SENTENCING CALCULATION

Base Offense Level: Pursuant to U.S.S.G. § 2D1.1(a)(3), the base offense level is determined by the Drug Quantity Table found at U.S.S.G. 2D1.1(c). The defendant is accountable for 107.19 grams of Ecstasy, the total amount of Ecstasy the defendant distributed on the below-indicated dates.

| Count | Amount of Ecstasy | Date |
|---|---|---|
| None (sample) | .16 grams | 11/3/04 |
| 2s | 44.03 grams | 11/4/04 |
| 3s | 45.1 grams | 11/10/04 |
| 4s | 17.9 grams | 12/2/04 |

| | |
|---|---:|
| Pursuant to U.S.S.G. § 2D1.1(c)(10), since the total amount of Marijuana is more than 40 kilograms, but less than 60 kilograms, the base offense level is 20. | 20 |
| Specific Offense Characteristics: None | 0 |
| Adjustment for Role in the Offense: None | 0 |
| Victim Related Adjustment: None | 0 |
| Adjustment for Obstruction of Justice: None | 0 |
| Adjusted Offense Level (subtotal): | 20 |
| Adjustment for Acceptance of Responsibility: A 3 level reduction has been applied, pursuant to § 3E1.1(a) and (b) | -3 |
| Total Offense Level: | 17 |

In the present case the defendant was not on probation when the offenses occurred. Paragraph 64 of the PSR adds two points to the defendant's Criminal History calculation. The defendant as a result of those two points has a Criminal History category of III. If the two points incorrectly added to his criminal history are subtracted the defendant has a Criminal History of II. The Guideline calculated would result in a sentence of 27-33 months.

18 U.S.C. §3553 THE COURT SHALL IMPOSE A SENTENCE SUFFICIENT, BUT NOT GREATER THAN NECESSARY, TO COMPLY WITH THE PURPOSES SET FORTH IN PARAGRAPH (2) OF THIS SUBSECTION. THE COURT, IN DETERMINING THE PARTICULAR SENTENCE TO BE IMPOSED, SHALL CONSIDER:

1.  **The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.**

    The Defendant was a low level dealer involved in the transaction. He did not control price, quantity or the quality of the drugs. He sold aspirin at one point because he was so low on the totem pole. As soon as he was confronted he immediately cooperated with the Government providing information which helped make arrests and protected the agents by identifying a weapon possessed by his codefendant.

**2.    The Need for the Sentence Imposed.**

(A)    <u>To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense</u>.

The Defendant has been held for over ten months for these charges.  His incarceration is in a prison awaiting sentencing has been a sufficient punishment with the regards to the crime for which he plead Guilty.

(B)    <u>To Afford Adequate Deterrence to Criminal Conduct</u>.

The incarceration which he has already undergone along with a period of probation will deter the defendant from any further criminal conduct.  The defendant's major problem has been his drug addiction which brought him to sell drugs to feed his habit.  Probation which would provide outpatient treatment for his addiction and random drug tests would prevent him from sliding back into the situations that got him involved in the criminal activity.

(C)    <u>To Protect the Public From Further Crimes of the Defendant</u>.

The Defendant has cooperated with the Government.  He had been the subject of harassment within the jail and is isolated from the rest of the population.  He will not be in the position to sell drugs again.  Treatment and random screens for drugs will protect the public.

(D)    <u>To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.</u>

The Defendant would benefit from and be amenable to any counseling on an outpatient basis.  His incarceration because of his cooperation with the Government has led him to be a target in jail.

**3.    The Kinds of Sentences Available from Probation**

The Court can impose any sentence from Probation up to 20 years.

**4.    The Kinds of Sentence and the Sentencing Range Established**

(A)     The Applicable Category of Offense Committed by the Applicable Category of Defendant as Set Forth in the Guidelines.

The Guideline calculation that was done as part of the presentence report with inclusion of acceptance of responsibility and placing the defendant in Criminal History Category III results in a sentence of 30-37 months. The defendant's calculation places him at 27-33 months. The Court wrote in *Koon v. United States,* 518 U.S. 81, 94, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), "When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted." *Id*. The district court is not left adrift, however, in determining which cases fall within and which cases fall outside of the heartland." The current advisory nature of the guidelines allows the sentencing judge to take into account factors which would not be available formerly as departures.

The defendant reports in the P.S.R. (73, 97) that he was sexually assaulted from age 3 to 13 by his brother. There may have been sexual or physical abuse at the hands of the father. (P.S.R. 85). The courts recognized sexual and physical abuse of a defendant as a child is legitimate for a downward departure. Where as in this case the sexual abuse is tied into the substance abuse which lead to his involvement in this crime a downward departure is warranted. *U.S. v. Brown*, 985 F.2d 478 (9th Cir. 1993) (where D offered a letter recounting his childhood of severe abuse and neglect and produced psychologist's report concluding that childhood trauma was the primary cause of D's criminal behavior, court could grant downward departure); *U.S. v. Roe*, 976 F2d 1216 (9th Cir. 1992) court clearly erred in holding it did not have discretion to depart downward where defendant's suffered extraordinary sexual abuse as a child); *U.S. v. Rivera*, 192 F.3d 81, 84 (2d Cir. 1999) ("It seems beyond questions that abuse suffered during childhood – at some level of severity – can impair a person's mental and emotional

5

conditions…in extraordinary circumstances…district courts may properly grant a downward departure on the ground that extreme childhood abuse caused mental and emotional conditions that contributed to the defendant's commission of the offense". The abuse the defendant suffered was extreme and resulted in his drug habit.

In the present case the defendant did more than accept responsibility for his crime. He aided the Government in the capture of his codefendant. He helped the Government arrest another individual Michael Harris. In the most important step he identified a weapon so that the agents' lives were not placed at risk. In the present case a three point reduction does not adequately reflect the additional acceptance of responsibility. *U.S. v. Brown*, 985 F.2d 478, 482-83 (9th Cir. 1993) (under sec. 5K2.0, in light of defendant's confession, court can depart downward from the range if it determines that the two point reduction did not adequately reflect acceptance); *U.S. v. Miller*, 991 F.2d 552 (9th Cir. 1993) (voluntary restitution exhibiting extraordinary acceptance of responsibility can justify downward departure); *U.S. v. Liberman* 971 F.2d 989, 995-96 (3d Cir. 1992) (one level downward departure o.k. where D offered to make restitution greater that amount taken, met with bankers and offered to explain how avoided detection resigned his position and went to FBI to admit his embezzlement, pled guilty). The defendant's immediate help prevented a potential tragedy with regards to the weapon.

The defendant was merely a functionary. It is clear that at the time of the "aspirin deal" the defendant and his codefendant did not know that they were selling to undercover agents. The defendant certainly didn't know when he sold the aspirin what he was selling, because in his mind he was dealing with drug dealers and selling aspirin would have put his life at risk. A download departure is appropriate in the circumstances of the defendant's role. *U.S. v. Jagmohan*, 909 F.2d 61 (2d Cir. 1990) (where D bribed city official, downward departure from

6

15 to 21 months to probation and fine warranted because defendant's use of personal check in bribery transaction showed "utter lack…of sophistication" usually shown by person bribing an official); cf. *U.S. v. Castro-Cervantes*, 927 F.2d 1079, 1081 (9th Cir. 1990) (upward departure upheld because guidelines "do not take into account the sophistication of the robber"). *U.S. v. Mendoza*, 121 F.3d 510 (9th Cir. 1997) (the district court had discretion to depart where the defendant had no knowledge of or control over the amount or purity of the drugs, if the court determines that the facts are outside the heartland of such cases – because that ground is not one categorically proscribed); *U.S. v. Chalarca*, 95 F.3d 239, 245 (2d Cir. 1996) (upholding a downward departure when the district court found the defendant had no knowledge of any particular quantity of cocaine and no particular quantity was foreseeable to him in connection with the conspiracy of which he was a member). *U.S. v. Jaber*, 362 F.Supp.2d 365 (D.Mass.2005)(departure from 57 months to probation proper in meth conspiracy in part because defendant "was [merely] a functionary.  Although his responsibilities were growing, he still did not take a profit; he was on salary.  He had even less control over the direction of the enterprise than [the codefendant]  He took order from [the codefendant] The amount of pseudo ephedrine that passed through his hands reflects someone else's decisions, not his own.").  In the present case the defendant was a tool of his codefendant and his every action and dealing showed his lack of sophistication.

**Deviation from the Guidelines**

The Government refused to make a motion under 5K1.1.  The court should in its discretion reduce the defendant's sentence because the defendant gave substantial assistance to aid the Government.  The information provided for agent safety with regard to the firearm is as significant as protecting the safety of an informant.  *U.S. v. Khoury*, 62 F.3d 1138 (9th cir. 1995)

(court may depart downward where government refuses to make sec. 5K1.1 motion because D went to trial although gov. initially offered to do so and where D's cooperation led to arrest of co-D); *U.S. v. Treleaven*, 35 F.3d 458 (9th Cir. 1994); U.S. v. Paramo, 998 F.2d 1212 (3d Cir. 1993) (remanded to show whether government's refusal to make sec.5K1.1 motion for only coconspirator who went to trial was pretextual). When departing downward, court must evaluate D's cooperation on an individualized basis and cannot engage in mechanical reduction of only 3 levels. *U.S. v. King*, 53 F.3d 589, 590-92 (3d Cir. 1995). *U.S. v. Khan*, 920 F.2d 1100 (2d Cir. 1990) (the defendant's activity in protecting the safety of a confidential informant is the sort of substantial assistance that the sentencing court could consider absent a government motion, since an exception to sec. 5K1.1's motion requirement exists "where the defendant offers information regarding actions he took, which could not be used by the government to prosecute other individuals."). The defendant did more than protect an informant, he protected agents.

(B)   <u>In the Case of a Violation of Probation or Supervised Release.</u>

The Defendant was not on supervised release or probation.

**Policy Statement**

Not Applicable.

7. **The Need to Provide Restitution to Any Victims of the Offense**

There are no victims so that restitution is not necessary.

III.   <u>DEFENDANT'S RECOMMENDATION</u>

The Court is charged with designating a sentence which is not greater than is necessary to fulfill the aims of U.S.S.G. § 2D1.1(c)(10). A sentence of 10-12 months is consistent with justice in this case. The defendant should further be placed on three years probation with intensive outpatient treatment and random drug screens along with six months in a halfway

8

house to ease the transition to the community. The defendant admitted to a charge that carries a 20 year maximum. If he violated probation the defendant could be sentenced up to 20 years on the distribution of drug charges. Therefore, he has every incentive to deal with his drug problem and to not violate the law any further.

                                                  Respectfully Submitted,
                                                  Donald Whitney
                                                  By his Attorney,

Dated: December 5, 2005                /S/   Daniel J. Bennett
                                                  Daniel J. Bennett
                                                  Torney, Mahoney, Diamond & Bennett
                                                  15 Foster Street
                                                  Quincy, MA  02169
                                                  (617) 770-0000
                                                  B.B.O. 564059