UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | NO.  4:05CR40005-FDS |
| DONALD E. WHITNEY, III<br>    Defendant | ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S
MOTION OUT OF TIME FOR HEARING ON MENTAL DISEASE**

The Defendant Donald Whitney through his attorney submits this opposition to Government's Motion Out of Time for Hearing on Mental Disease.

I.   BACKGROUND

On August 25, 2005 the defendant plead guilty to four counts.  The defendant plead guilty to 21 U.S.C. sec. 846 conspiracy to distribute ecstasy.  The defendant plead guilty to three counts of 21 U.S.C. 841(a)(1) possession of ecstasy with intent to distribute and to distribution of ecstasy and three counts of 18 U.S.C. sec. 2 aiding and abetting.

On February 2, 2005 the defendant was arrested.  Donald Whitney upon his arrest immediately attempted to assist the government.  He agreed to cooperate with the government.  He aided in the arrest of Michael Harris for drugs.  He told the government that Nicholas Rheault was his supplier for ecstasy.  He got the government a new phone number for Rheault.  Donald Whitney at the request of the government agents placed a call to a friend who identified Rheault's girlfriend as a conduit to reach Rheault.  Donald Whitney left a message for Rheault to return his call.

Minutes later Rheault returned his call and in that call monitored by government agents and at their behest he set up a purchase of 200 ecstasy tablets for $2,500.00.  A number of follow up calls led to the determination that the ecstasy would not be available till the next day.  The

agents determined that they would arrest Rheault that day instead of waiting. Donald Whitney, fearing for officers safety, told them about a 9 mm Luger that Rheault had. A firearm was recovered from the Rheault's residence. Donald Whitney then gave the agents a detailed description of Rheault's apartment which aided in Rheault's capture, the recovery of the weapon and agent safety. Donald Whitney did more than cooperate with the government he offered them information unsolicited to help protect the agents safety. Donald Whitney provided substantial assistance to the government.

The defendant admitted to a series of four pill transactions which took place on November 3, 2005, November 4, 2005, November 10, 2005 and December 2, 2005. The total weight of the ecstasy the defendant was responsible for was 107.19 grams of ecstasy which translates to 53.59 kilograms of Marijuana.

The Government asks this court to schedule a hearing on the present mental condition of the Defendant under 18 U.S.C. sec. 4244(a). A motion to be timely must be filed within ten days after the finding of Guilty. The Government further asks that the defendant be evaluated for a psychiatric or psychological exam.

## ARGUMENT

A. <u>THE GOVERNMENT'S MOTION WAS NOT TIMELY FILED THEREFORE SHOULD BE DENIED</u>.

The Government filed this motion untimely and that should preclude its allowance in and of itself. The ten-day provision is mandated so that if at the conclusion of a trial or a plea of Guilty, when it is clear that the defendant suffers from a medical disease that requires the care and treatment in a suitable facility he is incarcerated for that treatment.

There is no reason to waive the ten-day provision. If the government wanted to provide incarceration for treatment purposes for the defendant rather than incarceration for the punishment of the crime, then it should have raise that within ten days after the plea. The

2

defendant could have made a decision to what extent he was going to cooperate with the Presentence report. The defendant is undergoing great prejudice because now he has revealed information that would not have been revealed had the government timely provided notice that it was seeking a commitment under 18 U.S.C. 4244. The defendant faces a far greater penalty of potentially 20 years incarceration rather the presumption of a guideline sentence which would have been 27 to 33 months. Information that would not be objected to for the purposes of sentencing would have been objected to had the government filed timely under 18 U.S.C. 4244, because the defendant would have asserted privileges had he been properly placed on notice that the government was seeking commitment under 18 U.S.C. 4244.

      B.      THE MENTAL DISEASE OR DEFECT DOES NOT RELATE IN ANY WAY TO THE CRIME THEREFORE THE GOVERNMENT'S MOTION SHOULD BE DENIED.

In analyzing at 18 U.S.C. 4244(d)(E) the mental disease and its treatment should relate in some way to the criminal activity that the defendant plead Guilty. A commitment under 18 U.S.C. 4244 constitutes a provisional sentence of imprisonment to the maximum term authorized by law for the offense for which the defendant was found guilty. If, at the time of the filing of the certificate, the provisional sentence imposed pursuant to subsection (d) has not expired, the court shall proceed finally to sentencing and may modify the provisional sentence.

Maximum term authorized by law, as used in the statute which provides that hospitalization of defendant for mental health services in lieu of imprisonment constitutes provisional sentence of imprisonment to maximum term authorized by law for offense for which defendant was found guilty, refers to statutory maximum of offense of conviction, and not to maximum possible sentence under sentencing guidelines for particular defendant. *U.S. v. Mann*, 130 F.3d 1365 (9th Cir. 1997), opinion withdrawn 138 F.3d 758. The mental disease or defect that this defendant allegedly suffers from has nothing to do with the crime he is charged with.

Maximum term authorized by law as used in federal statute calling for commitment of defendant found to suffer from mental disease or defect, meant maximum possible sentence defendant convicted of sending threatening letter to Supreme Court Justice could receive and not maximum sentence authorized under Guidelines. *U.S. v. Roberts*, 1990, 915 F.2d 889 (4th Cir.), certiorari denied 111 S.Ct. 1079, 498 U.S. 1122, 112 L.Ed. 1184.  If the crime is not related to the mental disease then why would the maximum term of commitment be the sentence that the defendant could receive.

The defendant did not argue that any mental disease or defect was a factor in his distribution of drugs.  The crimes to which he plead Guilty and accepted responsibility for are unrelated in any manner to the activity for which the Government seeks to have him committed.  The Government's motion should be denied because any proposed mental disease or defect they found is not related to the criminal activity the defendant was found Guilty of.   The statute's purpose is for commitment of an individual for treatment related to the crime that the finding of Guilty has entered on.

C. THE GOVERNMENT DID NOT HAVE SUBSTANTIAL EVIDENCE THE DEFENDANT IS PRESENTLY SUFFERING FROM A MENTAL DISEASE OR DEFECT.

The Government must have substantial information validating that the defendant may be "presently" suffering from a mental disease or defect.  The evidence which the Government employs for its Motion is three years old and therefore the Government has no substantial basis which indicates that the defendant currently suffers from a mental disease or defect.

The Government cites to paragraphs 92-108 of the PSR as its basis for filing this motion.  Paragraph 92-107 relate to a time from when the defendant was fifteen years old, with no information that is any more current than three years ago.  Paragraph 108 does not indicate a time or place where a diagnosis was derived.

4

The paragraphs in question do not in fact contain a diagnosis that the defendant suffers from a mental illness. The clinician whose opinion is cited to is not named nor is that clinician's experience, expertise nor education listed. The statements which are taken from various therapy sessions have no context to what the purpose that the statements are illicted for.

The Clinician's recommendation that defendant continue in DYS custody in paragraph 106 was accomplished since the defendant was not released from DYS custody until April 14, 2004. At that time there is no evidence that the defendant suffered from any sexual mental disease. If the state believed that the defendant was suffering from such a disease it could have filed for a civil commitment under M.G.L. 123A sec. 3,4.

Current mental disease does not mean three years ago. The Government has not provided a substantial basis information which indicate a need for evaluations. *U.S. v. Bos*, 917 F.2d 1178, 1183 (1990).

        Respectfully Submitted,
        Donald Whitney
        By his Attorney,

Dated: December 5, 2005         /S/ Daniel J. Bennett
        Daniel J. Bennett
        Torney, Mahoney, Diamond & Bennett
        15 Foster Street
        Quincy, MA 02169
        (617) 770-0000
        B.B.O. 564059