# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES of AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| DONALD E. WHITNEY III, | ) |
| | ) |
| Defendant. | ) |

Criminal No.
05-40005-FDS

## MEMORANDUM AND ORDER ON GOVERNMENT'S MOTION
## FOR HEARING ON MENTAL DISEASE AND FOR PSYCHIATRIC EXAMINATION

SAYLOR, J.

This is a criminal prosecution for distribution of the drug ecstasy. On August 25, 2005, defendant Donald E. Whitney III pleaded guilty to one count of conspiracy to distribute ecstasy in violation of 21 U.S.C. § 846 and three counts of possession with intent to distribute and distribution of ecstasy in violation of 21 U.S.C. § 841(a)(1).

The matter was originally set for sentencing on November 17, 2005. According to the Presentence Report, the advisory guideline imprisonment range under the United States Sentencing Guidelines applicable to this matter is 27 to 33 months. The maximum term of imprisonment is 20 years. 21 U.S.C. § 841(b)(1)(C). Defendant has been detained awaiting sentencing.

On November 18, 2005, the government moved, pursuant to 18 U.S.C. § 4244(a), for a hearing on the present mental condition of the defendant. It also moved for a psychiatric or psychological examination under 18 U.S.C. § 4244(b). The basis of the government's motion is the fact that paragraphs 92 through 106 of the Presentence Report sets forth "substantial

information that defendant may be suffering from a qualifying mental disease or defect." In particular, the government contends that "Whitney's history shows that he is a dangerous offender with a significant potential to commit very serious crimes, including crimes against children," and that the Presentence Report presents Whitney "as a serious sexual offender, who is stimulated by fantasies involving a mixture of sex and violence, and who is likely to commit sexual and violent offenses, if he is not treated and supervised."

Defendant opposes the government's motions on three grounds: (1) that the motion was untimely; (2) that the alleged mental disease or defect does not relate in any way to the charged crime; and (3) that the government does not have "substantial information" that the defendant is presently suffering from a mental disease or defect. Defendant has also indicated that he intends to assert a Fifth Amendment privilege to refuse to respond to any questions put to him by a psychiatrist as part of a court-ordered examination that might lead to a custodial confinement.

## Analysis

The statute under which the government seeks to proceed, 18 U.S.C. §§ 4244(a), (b), provides in relevant part as follows:

> **(a) Motion to determine present mental condition of convicted defendant.**—A defendant found guilty of an offense, or the attorney for the Government, may, within ten days after the defendant is found guilty, and prior to the time the defendant is sentenced, file a motion for a hearing on the present mental condition of the defendant if the motion is supported by substantial information indicating that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility. The court shall grant the motion, or at any time prior to the sentencing of the defendant shall order such a hearing on its own motion, if it is of the opinion that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility.

**(b)  Psychiatric or psychological examination and report.**—Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court . . . .

First, defendant objects that the government's motion is untimely, as it was not filed within ten days after the defendant pleaded guilty as required under the statute.  The Court agrees that the motion was apparently untimely.  In fairness to the government, however,  it was not aware of the potential issue until after it received the initial draft of the Presentence Report, which was after the ten-day period had expired.  In any event, the Court is empowered to order a hearing on its motion "at any time prior to the sentencing of the defendant," if the "reasonable cause" standard is satisfied.  For the reasons stated herein, the Court finds such reasonable cause here, and accordingly will grant such a hearing on its own motion.

Defendant further argues that he was unfairly prejudiced by the delay, "because now he has revealed information that would not have been revealed had the government timely provided notice that it was seeking a commitment under 18 U.S.C. § 4244."  A defendant submitting to a presentence interview often has difficult choices to make in terms of the types of information he reveals and the consequences that may flow from those revelations; those consequences may not be clear at the time of the interview.  *See, e.g.*, *United States v. Rogers*, 921 F.2d 975 (10th Cir. 1990) (defendant admitted to trafficking in heroin in an amount greater than that alleged in indictment in order to obtain downward adjustment for acceptance of responsibility, but as a result, received an overall increase in sentence due to an increase in base-offense level).  The fact that defendant did not foresee a potential question as to his mental health does not preclude the Court from ordering a hearing on the issue.  Moreover, the information upon which the

government relied in seeking the § 4244(a) hearing came largely from Department of Youth

Services records, not defendant's interview statements (although it is admittedly unclear whether

defendant's statements led to the discovery of the records).

Second, defendant argues that the alleged mental disease or defect (which involves a

sexual disorder) had no relation to the offenses to which he pleaded guilty (which involve

distribution of ecstasy).  As a factual matter, at least on the record before the Court, that

statement is unquestionably true.  There is nothing in the statute, however, that requires a factual

or logical link between the mental disease or defect and the crime.  In the ordinary case, that

would not be particularly remarkable; a defendant who was suffering from schizophrenia, for

example, and was in need of treatment could be committed for medical care without regard to

whether he robbed a bank, committed tax evasion, or engaged in any other federal criminal

activity.  What is unusual here is the fact that the alleged mental disease or defect is one that

potentially may lead to future criminal activities (such as sexual assaults against children), and

therefore a civil commitment for treatment has aspects of a preventive detention.  Again,

however, the statute does not require any kind of connection between the mental condition and

the charged offense, only that the defendant appear to be suffering from a mental disease or defect

that requires custody for care or treatment.

Third, defendant argues that the government did not have "substantial information

indicating that the defendant may presently be suffering from a mental disease or defect for the

treatment of which he is in need of custody for care or treatment in a suitable facility."  18 U.S.C.

4244(a).  The Court disagrees.  The Court has made no conclusions on the subject, and indeed the

entire point of the requested psychiatric examination and hearing is to determine whether he has

4

such a mental disease or defect and, if so, whether his condition requires custodial care or treatment. Nonetheless, there is "substantial information" as to the existence of such a disease or defect. As the government indicates, there is considerable evidence in the Presentence Report that the defendant suffers from a psychosexual disorder. That evidence is certainly sufficient to trigger the inquiry.

Finally, defendant states that he intends to assert a Fifth Amendment privilege as to any questions put to him in a court-ordered psychiatric examination under § 4244(b). Because he has not yet asserted the privilege as to any particular question, there is not yet any controversy for the Court to resolve. Nonetheless, the Court observes that Fifth Amendment privilege does not generally attach in circumstances where a truthful answer might result in a civil commitment, even a lengthy commitment. *See Allen v. Illinois*, 478 U.S. 364, 372 (1986) (civil commitment as sexually dangerous person under Illinois law). As to those questions, however, where a truthful answer may incriminate a defendant in future criminal proceedings or may increase his criminal punishment, the privilege attaches. *See Allen*, 478 U.S. at 368; *Estelle v. Smith*, 451 U.S. 454 (1981). The Court will await any actual assertion of the privilege before making any ruling in that regard.

<u>**Conclusion**</u>

For the foregoing reasons, the motion of the United States for a hearing on the present mental condition of defendant Donald E. Whitney III under 18 U.S.C. § 4244(a), and for a psychiatric or psychological examination under § 4244(b), is GRANTED. The clerk shall set the matter for a prompt status conference, at which the parties should be prepared to address the timing and other circumstances of the examination and the timing of the hearing.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: January 18, 2006