UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                             )
UNITED STATES OF AMERICA     )
                             )
v.                           )   NO.  4:05CR40005-FDS
                             )
DONALD E. WHITNEY, III       )
     Defendant               )
_____ )
```

**MOTION TO PREVENT THE DISSEMINATION
OF PRIVILEGED RECORDS IN VIOLATION
OF STATE LAW AND FEDERAL COMMON LAW**

The release of Donald Whitney's records violates two state statutes. The first violation is that under M.G.L. c. 119 sec. 60A all records that involve a Delinquency proceeding are not to be open, without an order of a Juvenile Judge. This has not taken place in the present case and Defendant would have an opportunity to be heard at that proceeding.

A second violation is also contained under M.G.L. c. 119 sec. 60A in which other juveniles who were in D.Y.S. custody are named within the records in which their acts and statements have been released to probation, to defense counsel and, if allowed, in a continued violation of the law to the Board of Prisons. These individuals all should be notified that their names have been made public. Further, counsel should be appointed if they want to contest the further release of records with their names in them.

The second statute that is being violated M.G.L. c. 233 sec. 20B. In a civil commitment proceeding which would be analogous to how the court has treated this evaluation, the Massachusetts Supreme Court in *Commonwealth v. Callahan*, 440 Mass. 436 (2003) wrote, "In 1986, in *Department of Youth Servs. v. A Juvenile*, 398 Mass. 516, 526 (1986), this court, citing *Commonwealth v. Lamb*, 365 Mass. 265 (1974), held that the patient-psychotherapist privilege

applied where the Commonwealth, absent a court order, chose to have a psychiatrist interview a juvenile in custody and where the psychiatrist did not precede those conversations with the *Lamb* warnings. This court held that it was reversible error to use the conversations at the proceeding to extend the juvenile's commitment.[1] *Id.* at 524-525.

In 1999, the Legislature again revised G.L. c. 123A. As in 1985, the revisions did not alter or amend the language now appearing in § 13(b) to remove the application of privilege in light of *Department of Youth Servs. v. A Juvenile, supra.*[2]

Given our assumption that the Legislature is aware of both the decisions of this Court and previous legislation, and yet has done nothing either to alter the language of G.L. c. 123A, § 13 (b), or to amend the privilege statutes to add another exception to take into account § 13(b)[3]. It is clear that we must conclude, as the parties concur, that the Legislature did not intend to abrogate existing privileges.[4] Our conclusion is further supported by the fact that, in other instances, the Legislature has acted to abrogate privileges. For example, the Legislature has abrogated privilege where child abuse or the abuse of a patient or resident of a medical facility may be present. See G.L. c. 119, § 51A (abrogating privileges in G.L. c. 112, §§ 135A and 135B), and G.L. c. 111, § 72G (abrogating privileges in G.L. c. 233, §§ 20 and 20B).

---

[1] The proceeding was conducted pursuant to G.L. c. 120, § 18, where the juvenile was determined to be "physically dangerous to the public" and ordered held by the Department of Youth Services beyond his 18th birthday. *Department of Youth Servs. v. A Juvenile*, 398 Mass. 516, 519 (1986).
[2] The text of the 1999 version of G.L. c. 123A, § 13(b), is presented *supra*.
[3] The most recent amendment to G.L. c. 233 § 20B, were in 2000 (St. 2000, c. 348, § 2).
[4] In contrast, for example, a Kansas statute specifically abrogates privileges for the purpose of determining whether an individual is a sexually violent predator. See Kan. Stat. Ann. § 59-29a16 (2002) ("In order to protect the public, relevant information and records which are otherwise confidential or privileged shall be released…for the purpose of…determining whether a person is or continues to be a sexually violent predator"). See generally *Commonwealth v. Bruno*, 432 Mass. 489, 499 (2000) ("Kan. Stat. Ann. §§ 59 29a01 *et seq*…contain[s] many provisions similar to those in c. 123A").

The documents are privileged under G.L. c. 112, § 135B, and G.L. c. 233, § 20B, and the Legislature did not abrogate those privileges in enacting the amendments to G.L. c. 123A, § 13(b). The judge, therefore, did not have the authority to order the production of such documents. We are aware this interpretation may, in some cases, deprive the qualified examiners (and ultimately the fact finder) of highly relevant evidence. Where the respondent has a significant psychiatric history (here, a period of many years of observation, testing, and treatment at psychiatric hospital), a qualified examiner would undoubtedly want to review records pertaining to that history before rendering an opinion as to the nature of any "mental abnormality or personality disorder" suffered by the respondent, G.L. c. 123A, § 1. However, it is up to the Legislature to decide whether privileges that it created in G.L. c. 112, § 135B, and G.L. c. 233, § 20B, should apply in proceedings for the commitment of an allegedly sexually dangerous person. We are constrained by the language and history of the current statute, which indicate that the privileges are not to be abrogated."

The U.S. Supreme Court does recognize that a Patient/Psychotherapist privilege exists at common law. *Jaffe v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed. 337 (1996). There is clearly information within Donald Whitney's DYS reports that the privilege would protect. The documents should not be turned over to the Bureau of Prisons without a full hearing as to whether turning over any or all documents constitutes a violation of state law or Federal common law.

It is clear that this information is privileged under two statutes and state law should not be violated by it further dissemination. The defendant also has privileges to some documents under Federal common law.

The defendant hereby asks that the order for federal probation to release said records to Board of Prisons be stayed until a hearing can take place on this motion.

                                              Respectfully Submitted,
                                              Donald Whitney
                                              By his Attorney,

Dated: February 22, 2006            /S/_____
                                              Daniel J. Bennett
                                              Torney, Mahoney, Diamond & Bennett
                                              15 Foster Street
                                              Quincy, MA  02169
                                              (617) 770-0000
                                              B.B.O. 564059