UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
        v.                        )     NO. 05-40005-FDS
                                  )
DONALD E. WHITNEY, III            )
                                  )

## GOVERNMENT'S RESPONSE TO MOTION TO PREVENT DISSEMINATION OF DYS DOCUMENTS TO BUREAU OF PRISONS

The United States respectfully submits this memorandum of law in response to Defendant Donald Whitney's motion opposing the dissemination of documents obtained from the Department of Youth Services ("DYS") to the Bureau of Prisons ("BOP"). The government agrees with Defendant that a hearing is appropriate; the government submits that the documents are excepted from the statutory privileges Defendant invokes.

### ARGUMENT

Defendant opposes wholesale the production of documents obtained by the Probation Department from DYS. He alleges that the production of such records violates two statutes. The first, M.G.L. ch.119 §60A, provides in relevant part:

The records of a youthful offender proceeding conducted
pursuant to indictment shall be open to public inspection
in the same manner and to the same extent as adult
criminal court records. All other records of the court
in cases of delinquency arising under section fifty-two
to fifty-nine, inclusive, shall be withheld from public
inspection, except with the consent of a justice of such
court . . . .

We submit that this restriction on court records is not

1

applicable here.   The records which are the subject of this litigation are records of the Department of Youth Services, and not the juvenile court department.   The letterhead of DYS, which was included with the DYS records, identifies DYS as part of the "Executive Office of Health and Human Services."  By contrast, ch. 119, §52 defines "court" as "a division of the juvenile court department."   Moreover, Section 60A refers to "indictment" and "adult criminal records," indicating that the statute reaches routine court documents.  By contrast, DYS records are not routine court records.  For instance, DYS records would not be found in the office of the clerk of the juvenile court.  Similarly, DYS custody (and the records custody would create) is not an automatic consequence of a delinquency proceeding.  Finally, if a juvenile court wanted records from DYS, presumably it would have to follow a protocol, and, where applicable, establish that the records are not privileged.  Hence, we believe Defendant is wrong in invoking Chapter 119.

Defendant also claims that production of the DYS records would violate the statutorily-created patient-psychotherapist privilege found in M.G.L. ch.233 §20B.  Here too, Defendant is in error.

That provision provides in relevant part[1]:

Except as hereinafter provided, in any court proceeding
. . . a patient shall have the privilege of refusing to

---

[1]A photocopy of the entire text of the statute is annexed hereto.

2

disclose, and of preventing a witness from disclosing, any communication, wherever made, between said patient and a psychotherapist relative to the diagnosis or treatment of the patient's mental or emotional condition.
. . .

\*     \*     \*

The privilege granted hereunder shall not apply to any of the following communications: --

\*     \*     \*

(b) If a judge finds that the patient, after having been informed that the communications would not be privileged, has made communications to a psychotherapist in the course of a psychiatric examination ordered by the court.

A cursory review of the records produced by DYS to Probation shows that while they contain communications to a psychotherapist, such communications were made after Defendant had been advised that his communications would not be privileged. These interviews are proceeded by either a notation that Defendant had been given so-called Lamb warnings, or by a full paragraph narrative describing how Defendant had been advised that his communications were not privileged, how such communications would be disclosed and Defendant's understanding of such qualification and his assent thereto.  See Commonwealth v. Lamb, 365 Mass. 265, 269 (1974) (noting that the policy of the waiver exception is to permit use of psychiatric evidence so long as the patient is given notice that the privilege is not applicable).

Many of the other records are simply not within the scope of the privilege.  For instance, incident reports and statements which

3

Defendant made to non-psychotherapist staff members at DYS, are neither communications to a psychotherapist, or in any way privileged, as defined by Section 20B. See Commonwealth v. Lamb, 372 Mass. 17, 20-21 (1977)(conference summary in which staff reported impressions of patient and conversations between patient and staff not within scope of statutory privilege).

While we submit that the DYS records are not privileged for the foregoing reasons, we agree with Defendant that a hearing should be conducted for Defendant to identify precisely what DYS records he claims are within the scope of the privilege.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
David Hennessy
Assistant U.S. Attorney.

SS.: WORCESTER

**CERTIFICATE OF SERVICE**

I, David Hennessy, Assistant U.S. Attorney, hereby certify that a copy of the foregoing was served by U.S. Mail and facsimile on Daniel Bennett, Esq., 15 Foster Street, Quincy, Massachusetts 02169, on this, the 7th March, 2006.

_____
David Hennessy
Assistant U.S. Attorney

4

Case 4:05-cr-40005-FDS    Document 68    Filed 03/07/2006    Page 5 of 7

testifying in Medicaid fraud prosecution about a conversation between herself and defendant, while they were still married, concerning tax return for a particular year. Com. v. Mimless (2002) 760 N.E.2d 762, 53 Mass.App.Ct. 534, review denied 766 N.E.2d 70, 436 Mass. 1101.

**29. —— References to defendant's failure to testify, testimony of defendant in criminal proceedings**

References to certain facts as uncontested are improper when the defendant himself is the only one who can contradict the evidence. Com. v. Buzzell (2001) 759 N.E.2d 344, 53 Mass.App.Ct. 362, review denied 762 N.E.2d 853, 435 Mass. 1109. Criminal Law ⇐ 721.5(1)

**32. Review**

A judge's determination as to witness competency will usually survive appellate scrutiny, because

much which cannot be reproduced by the printed word depends on the child's appearance and manner. Com. v. Monzon (2001) 744 N.E.2d 1131, 51 Mass.App.Ct. 245. Criminal Law ⇐ 1153(2)

When an appellate court reviews a trial judge's ruling on the competency of a witness, it may examine the witness's trial testimony in order to determine whether error was committed by the trial judge. Com. v. Monzon (2001) 744 N.E.2d 1131, 51 Mass.App.Ct. 245. Criminal Law ⇐ 1134(2)

The question of competency is almost always one of fact and, unless clearly erroneous, the judge's determination will not be set aside. Com. v. Monzon (2001) 744 N.E.2d 1131, 51 Mass.App.Ct. 245. Criminal Law ⇐ 1158(1); Witnesses ⇐ 79(3)

## § 20A.  Privileged communications; communications with clergymen

### Law Review and Journal Commentaries

Addressing the Tension Between the Clergy-Communicant Privilege and the Duty to Report

Child Abuse in State Statutes. Norman Abrams. XLIV B.C.L. Rev. 1127 (2003).

### Research References

**ALR Library**
- 101 ALR 5th 619, Who Are "Clergy" or Like Within Privilege Attaching to Communications to Clergy Members or Spiritual Advisers.
- 93 ALR 5th 327, Subject Matter and Waiver of Privilege Covering Communications to Clergy Member or Spiritual Adviser.

**Treatises and Practice Aids**
- 12 Mass. Prac. Series § 25.71, Privilege-Priest and Penitent.
- 19 Mass. Prac. Series § 505.1, Communication With Members of the Clergy.
- 2A Mass. Prac. Series § 55:35, Privileged Communications to a Clergyman.
- 20 Mass. Prac. Series App. A, Appendix A. the Massachusetts Evidentiary Finder.
- 20 Mass. Prac. Series MA EVID. R 505, Religious Privilege.

- 29 Mass. Prac. Series § 17.9, Witnesses-Privileged Communications.
- 32 Mass. Prac. Series § 156, Privileges of Witnesses.
- 49 Mass. Prac. Series § 2.6, Privileges Recognized Under Massachusetts Law.
- 49 Mass. Prac. Series § 4.11, Objections to Interrogatories.
- 49 Mass. Prac. Series § 5.22, Responding to Request-Grounds for Objecting to Request-Privilege.
- 49 Mass. Prac. Series § 6.34, Conducting the Oral Deposition-Objections and Instructions Not to Answer.
- 49 Mass. Prac. Series § 8.11, How to Respond to Requests for Admission.
- 14B Mass. Prac. Series § 13.103, Religious Privilege.

### Notes of Decisions

**Grounds  5**

---

**5. Grounds**

Defendant's statement to manager of Christian rehabilitation center for drug addicts and alcoholics, that he had been present at a place where a

murder occurred, did not fall within statute that protects, as confidential, statements made to a clergyman, even if facility was operated by an ordained minister and defendant was seeking spiritual advice or comfort, where manager was not ordained or licensed as any kind of clergyman. Com. v. Marrero (2002) 766 N.E.2d 461, 436 Mass. 488. Witnesses ⇐ 215

## § 20B.  Privileged communications; patients and psychotherapists; exceptions

The following words as used in this section shall have the following meanings:—

"Patient", a person who, during the course of diagnosis or treatment, communicates with a psychotherapist;

"Psychotherapist", a person licensed to practice medicine, who devotes a substantial portion of his time to the practice of psychiatry. "Psychotherapist" shall also include a person who is

Case 4:05-cr-40005-FDS    Document 68    Filed 03/07/2006    Page 6 of 7

licensed as a psychologist by the board of registration of psychologists; a graduate of, or student enrolled in, a doctoral degree program in psychology at a recognized educational institution as that term is defined in section 118, who is working under the supervision of a licensed psychologist; or a person who is a registered nurse licensed by the board of registration in nursing whose certificate of registration has been endorsed authorizing the practice of professional nursing in an expanded role as a psychiatric nurse mental health clinical specialist, pursuant to the provisions of section eighty B of chapter one hundred and twelve.

"Communications" includes conversations, correspondence, actions and occurrences relating to diagnosis or treatment before, during or after institutionalization, regardless of the patient's awareness of such conversations, correspondence, actions and occurrences, and any records, memoranda or notes of the foregoing.

Except as hereinafter provided, in any court proceeding and in any proceeding preliminary thereto and in legislative and administrative proceedings, a patient shall have the privilege of refusing to disclose, and of preventing a witness from disclosing, any communication, wherever made, between said patient and a psychotherapist relative to the diagnosis or treatment of the patient's mental or emotional condition. This privilege shall apply to patients engaged with a psychotherapist in marital therapy, family therapy, or consultation in contemplation of such therapy.

If a patient is incompetent to exercise or waive such privilege, a guardian shall be appointed to act in his behalf under this section. A previously appointed guardian shall be authorized to so act.

Upon the exercise of the privilege granted by this section, the judge or presiding officer shall instruct the jury that no adverse inference may be drawn therefrom.

The privilege granted hereunder shall not apply to any of the following communications:—

(a) If a psychotherapist, in the course of his diagnosis or treatment of the patient, determines that the patient is in need of treatment in a hospital for mental or emotional illness or that there is a threat of imminently dangerous activity by the patient against himself or another person, and on the basis of such determination discloses such communication either for the purpose of placing or retaining the patient in such hospital, provided however that the provisions of this section shall continue in effect after the patient is in said hospital, or placing the patient under arrest or under the supervision of law enforcement authorities.

(b) If a judge finds that the patient, after having been informed that the communications would not be privileged, has made communications to a psychotherapist in the course of a psychiatric examination ordered by the court, provided that such communications shall be admissible only on issues involving the patient's mental or emotional condition but not as a confession or admission of guilt.

(c) In any proceeding, except one involving child custody, adoption or adoption consent, in which the patient introduces his mental or emotional condition as an element of his claim or defense, and the judge or presiding officer finds that it is more important to the interests of justice that the communication be disclosed than that the relationship between patient and psychotherapist be protected.

(d) In any proceeding after the death of a patient in which his mental or emotional condition is introduced by any party claiming or defending through or as a beneficiary of the patient as an element of the claim or defense, and the judge or presiding officer finds that it is more important to the interests of justice that the communication be disclosed than that the relationship between patient and psychotherapist be protected.

(e) In any case involving child custody, adoption or the dispensing with the need for consent to adoption in which, upon a hearing in chambers, the judge, in the exercise of his discretion, determines that the psychotherapist has evidence bearing significantly on the patient's ability to provide suitable care or custody, and that it is more important to the welfare of the child that the communication be disclosed than that the relationship between patient and psychotherapist be protected; provided, however, that in such cases of adoption

11

**WITNESSES AND EVIDENCE**

or the dispensing with the need for consent to adoption, a judge shall determine that the patient has been informed that such communication would not be privileged.

(f) In any proceeding brought by the patient against the psychotherapist, and in any malpractice, criminal or license revocation proceeding, in which disclosure is necessary or relevant to the claim or defense of the psychotherapist.

The provision of information acquired by a psychotherapist relative to the diagnosis or treatment of a patient's emotional condition, to any insurance company, nonprofit hospital service corporation, medical service corporation, or health maintenance organization, or to a board established pursuant to section twelve of chapter one hundred and seventy-six B, pertaining to the administration or provision of benefits, including utilization review or peer review, for expenses arising from the out-patient diagnosis or treatment, or both, of mental or nervous conditions, shall not constitute a waiver or breach of any right to which said patient is otherwise entitled under this section and section thirty-six B of chapter one hundred and twenty-three.

Added by St.1968, c. 418.  Amended by St.1974, c. 240; St.1977, c. 817; St.1985, c. 85; St.1986, c. 188, § 7; St.1986, c. 557, § 178; St.1986, c. 594; St.1987, c. 398, § 2; St.1989, c. 117, § 7; St.1989, c. 270, § 2; St.1989, c. 373; St.1990, c. 177, § 361; St.2000, c. 348, § 2.

## Historical and Statutory Notes

**2000 Legislation**

St.2000, c. 348, § 2, approved Dec. 21, 2000, in the first paragraph, in the definition of Psychotherapist, in the second sentence, inserted "; a graduate of, or student enrolled in, a doctoral degree program in psychology at a recognized educational institution as that term is defined in section 118, who is working under the supervision of a licensed psychologist;".

## Cross References

Child fatality review teams, disclosure of information to, see c. 38, § 2A.

## Law Review and Journal Commentaries

Confidentiality of mental health records.  Sherry L. Ruschioni 38 New Eng. L. Rev. 923 (2004).

Ethical Issues in Guardian Ad Litem Practice. Marcia M. Boumil.  86 Mass. L. Rev. 8 (2001).

Evolution of defendant's right to access his victim's rape counseling records in Massachusetts. Christine Burke, 25 New Eng.J. on Crim. & Civ. Confinement 149 (No. 1, Winter 1999).

## Research References

**ALR Library**

44 ALR 3rd 24, Privilege, in Judicial or Quasi-Judicial Proceedings, Arising from Relationship Between Psychiatrist or Psychologist and Patient.

**Encyclopedias**

12 Am. Jur. Proof of Facts 3d 401, Rape Trauma Syndrome.

24 Am. Jur. Proof of Facts 3d 123, Proof of Unauthorized Disclosure of Confidential Patient Information by a Psychotherapist.

5 Am. Jur. Trials 331, Excluding Illegally Obtained Evidence.

**Treatises and Practice Aids**

22 Mass. Prac. Series § 45.15, Court Ordered Examination.

22 Mass. Prac. Series § 47.10, Appointment of Guardian Ad Litem.

22 Mass. Prac. Series § 50.10, Antipsychotic Medications-Rogers.

1 Mass. Prac. Series § 11:35, S.J.C. Rule 1:07 Governing Fee-Generating Appointment in the Probate and Family Court.

3 Mass. Prac. Series § 63:4, When Parental Consent to Adoption is Not Required When the Court Has Dispensed With the Need for Parental Consent.

3 Mass. Prac. Series § 65:2, The Statutory Basis of Actions for the Care of Children.

3 Mass. Prac. Series § 65:7, Duty of Certain Persons to Report Child Abuse.

7 Mass. Prac. Series § 26.3, Scope of Discovery-Generally.

7 Mass. Prac. Series § 35.6, Reports.

9 Mass. Prac. Series § 24.4, Physical and Mental Examination of Person-Order for Examination.

12 Mass. Prac. Series § 25.72, Privilege-Psychotherapist and Patient.

14 Mass. Prac. Series § 3.141, Physical and Mental Examination of Persons.

19 Mass. Prac. Series § 501.1, Privileges Generally.

19 Mass. Prac. Series § 502.2, The Fifth Amendment Privilege and the Psychiatric Examination of a Criminal Defendant.