UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 05-40005-FDS |
| | ) | |
| DONALD E. WHITNEY, III | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE TO MOTION TO PREVENT DISSEMINATION OF DYS DOCUMENTS TO BUREAU OF PRISONS**

Pursuant to this Court's request for briefing, the United States respectfully submits this memorandum on case law relevant to Federal Rule of Evidence 501, dealing with the psychotherapist-patient privilege.

### THE PATIENT PSYCHOTHERAPIST PRIVILEGE

Federal Rule of Evidence 501 has been interpreted to recognize a psychotherapist-patient privilege. In Jaffee v. Redmond, 510 U.S. 1, 10, 15 (1996), the Court held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 510 of the Federal Rules of Evidence." The Court noted that privilege extends to such communications to a licensed social worker, in view of the significant amount of counseling social workers provide to the public. Id. at 16. Finally, the Court stressed that the privilege, where applicable, was absolute, and that it did not depend on balancing the privilege against the need for the evidence

the privilege excluded. Id. at 17-18.

After, Jaffee, the question of privilege is whether a communication sought to be protected is within the scope of the privilege. United States v. Schwensow, 151 F.3d 650 (7th Cir. 1998) denied application of the privilege because the communications were neither to a credentialed professional, nor given for the purpose of seeking counseling. Schwensow was an alcoholic who was on a drinking binge. He lost the address of a detoxification center and so went to AA staff persons to get the address of the detoxification center. In affirming the decision to allow Schwensow's communications to the staff into evidence, the Court of Appeals noted that the AA staff persons were not licensed counselors, did not hold themselves out as such, and did not confer with Schwensow in a manner resembling a counseling session. Moreover, it noted that Schwensow did not seek professional counseling, but an address. Schwensow, 151 F.3d at 657.

The privilege, as recognized under Rule 501, can be waived by the party holding the privilege. In United States v. Snelenberger, 24 F.3d 799, 802 (6th Cir. 1994), the Court admitted testimony of a psychotherapist about defendant's threats to kill a judge, in part, because it found that by disclosing the privileged communication to an FBI agent, defendant waived the privilege.[1]

---

[1] Although decided before Jaffee, the Snelenberger panel noted that the Sixth Circuit had already recognized under Rule 501 a psychotherapist-patient privilege, citing In re Zuniga, 714 F.2d 632, 639 (6th Cir. 1988).

Although we found no case law on waiver of the federal common law privilege, we submit the proper analysis is one employed in instances of waiver generally. For a waiver to be effective, it must be knowing and voluntary. See e.g. Miranda v. Arizona, 384 U.S. 436, 476 (1966).

Applying the principles, we submit that Whitney communications to licensed psychotherapists and social workers are within the scope of the Rule 501 privilege. The privilege does not reach communications with non-credentialed staff at DYS. As for communications within the scope of the privilege, Whitney can waive the protections of the privilege.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney,
>
> By: /s/ David Hennessy
> David Hennessy
> Assistant U.S. Attorney.

SS.: WORCESTER

### CERTIFICATE OF SERVICE

I, David Hennessy, Assistant U.S. Attorney, hereby certify that a copy of the foregoing was served by facsimile on Daniel Bennett, Esq., 15 Foster Street, Quincy, Massachusetts 02169, on this, the 3rd day of April, 2006.

> /s/ David Hennessy
> David Hennessy
> Assistant U.S. Attorney