UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | NO. 4:05CR40005-FDS |
| DONALD E. WHITNEY, III<br>    Defendant | ) | |

**DEFENDANT'S OPPOSITION TO RELEASE OF
ALL PRIVILEGED MATERIAL**

Defendant hereby objects to the dissemination of all documents based on his prior argument that the release violates two statutes under state law and that the release would violate defendant's privileges under Federal common law. Defendant further makes specific objections to each document in addition to the prior objection raised in its motion.

Defendant cites these records by their name and date or just date of authorship. It is clear that each report builds on prior reports so that before any report is released an analysis should be done whether privileged information from a prior report was incorporated into an analysis or report.

<u>Case History 5/12/00</u>

Includes information produced from interviews which no Lamb warnings were understood was not produced as a result of psychotherapist or social work interviews.

STATEMENT OF FACTS

In support of the DYS order of intended control contains information taken from statements from an interview which does not indicate that the defendant waived his privilege.

<u>2/10/03 Clinical Evaluation</u>

"There was no indication that he waived his rights or was informed of his privilege through Lamb warnings."

10/25/02

"There was no indication that he waived his rights or was informed of his privilege through Lamb warnings."

3/29/00

There is a clear indication that Donald Whitney does not understand that a waiver is going to transfer this information from DYS to any court and it indicates he does not understand his Lamb warnings.

7/9/98 Psychiatric Consultation

There is no indication that he understood what the Lamb warning when conveyed.

5/12/98

The defendant did not understand that the information was going to be used for anything besides the DYS evaluations.

5/18/01

There is no summary indications that he understood the Lamb warnings which would allow the information to be distributed beyond DYS.

2/13/03

Federal common law psychotherapist privilege should apply.

10/28/02

Report in which oral statements which are not indicated as Mirandized are given to the police.

7/3/02

No Lamb warnings given by licensed social worker so that a waiver of psychotherapist privilege is made.

12/21/99

Information given to program clinicians with no evidence of Lamb warnings being given.

1/7/01

The Lamb warnings are not specified. The defendant's understanding was that a report was being produced for DYS purposes, but not advised that the report could be further disseminated.

12/31/97 Psychological Evaluation

It is clear that defendant's understanding of the information provided in the report was that it was for juvenile court. There is no evidence that his therapist provided a correct warning that such documents could be used in the future for any court proceeding.

2/14/01 Evaluation of Commitment Evaluation

It is clear that defendant's understanding of the information provided in the report was that it was for juvenile court. There is no evidence that his therapist provided a correct warning that such documents could be used in the future for any court proceeding.

12/13/02 Monthly Case Review

There is no evidence of Lamb warnings or that the Defendant knew he was waiving his privileges.

2/18/01

There is no evidence that the Defendant knew he was releasing information or waiving any privileges with regards to the statements in this report.

5/26/00

There is no evidence that the defendant knew the statement made in this report would be released and that he was waiving any privileges.

<u>12/2/99</u>

There is no evidence that the defendant knew that he was waiving any confidentiality when he spoke to the clinicians. The three other individuals also named have had their information distributed and certainly they have a right to hearing before there is further dissemination.

<u>8/24/99 Termination Report</u>

There is no evidence that the defendant waived his rights to confidentiality and it is clear that portions of this report are incorporated into subsequent reports so those reports should delete references to this report.

<u>5/30/03</u>

No indication of waiver of privilege.

Bob Gouthier Report – Service Report

There is no indication that the defendant waived any privilege with regards to statements in this report and other reports incorporate findings of this report.

<u>5/22/98 Key Program</u>

There is no indication that the defendant waived any privilege with regards to statements in this report and other reports incorporate findings of this report.

<u>5/22/98 Classification Panel Report</u>

There is no indication that the defendant waived any privilege with regards to statements in this report and other reports incorporate findings of this report.

<u>12/18/00</u>

There is no indication that the defendant waived any privilege with regards to statements in this report and other reports incorporate findings of this report.

                                                     Respectfully Submitted,
Donald Whitney
By his Attorney,

Dated: May 22, 2006                            /S/_Daniel J. Bennett_____
Daniel J. Bennett
Torney, Mahoney, Diamond & Bennett
15 Foster Street
Quincy, MA  02169
(617) 770-0000
B.B.O. 564059