```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
     v.                       )   NO. 05-40005-FDS
                              )
DONALD E. WHITNEY, III        )
                              )
```

**GOVERNMENT'S RESPONSE TO DEFENDANT'S CLAIM OF PRIVILEGE**

The United States respectfully submits this memorandum in response to Defendant Donald Whitney's submission in which he opposes the dissemination of particular documents on the ground that they are privileged. The government identifies the allegedly privileged documents according to the same title Whitney assigned to the documents and in the same order.

<u>Case History 5/12/00</u>

We submit defendant has not met his burden of showing privilege as to this document. Defendant does not identify what information was taken from interviews at which no Lamb warnings were understood. Moreover, if we understand defendant's objection to mean that the information was not produced as a result of psychotherapist or social worker interviews, then no statutory privilege would apply in any case.

<u>2/10/03 Clinical Evaluation</u>

If there are portions of this evaluation that fall within the privilege, they should be limited to defendant's statements. Non-disclosure should be limited to: 1) paragraph 3, from the fourth

1

sentence (beginning "Donald admitted") through the end of the paragraph; and, 2)all of paragraphs 4 and 5.

<u>10/25/02</u>

Defendant opposes release of this treatment summary because it does not indicate defendant received Lamb warnings. However, the summary does not appear to contain statements that Defendant made to a qualified social worker or psychotherapist. For instance, the statement that Defendant at times takes responsibilities for his negative behaviors, appears to be a general impression gleaned from observation of Defendant over a long period of time. Nearly all the other information appears to have been gleaned from observations of Defendant.

<u>3/29/00</u>

Defendant claims the record clearly indicates that Whitney did not understand the consequence of a waiver or Lamb warnings. We disagree. Page two of the report provides that "Donald demonstrated an understanding of the limits of confidentiality by paraphrasing this warning." The report then quotes Whitney's understanding as to how the information would be used, and that he had the right to refuse to answer questions.

<u>7/9/98 Psychiatric Consultation</u>

Defendant claims that there is no indication that he understood the Lamb warnings. However, page 1 of the evaluation states that Lamb warnings were "given, acknowledged." Moreover by

this date, Defendant had been given Lamb warnings on at least two prior occasions. The claim of privilege should be denied.

<u>5/12/98</u>

Most of this case history summary is not privileged. There are statements in Insert #5 which may fall within a privilege, such as the third full sentence and the penultimate sentence, both of which begin, "Donald reports."

<u>5/18/01</u>

Contrary to defendant's claim, this assessment contains a Lamb warning that defendant's statements "would not be kept private." The description of the warnings further reports that defendant "demonstrated his understanding of the limits of confidentiality by paraphrasing this warning and then [proceeding] with the evaluation.

<u>2/13/03</u>

Defendant opposes release of this incident report, invoking federal common law psychotherapist privilege. In <u>Jaffee v. Redmond</u>, 510 U.S. 1, 10, 15 (1996), the Court held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 510 of the Federal Rules of Evidence." The Court noted that privilege extends to such communications to a licensed social worker, in view of the significant amount of counseling social workers provide to the

public.  Id. at 16.  This report falls outside the privilege. First, it is made to a "clinician," who may or may not be a licensed social worker.  Second, most of the report concerns an incident, and not confidential communications.  Lastly, the statements attributable to Whitney are merely that he did not need medication and took medication for its effect.  Such statements are not made in the course of diagnosis or treatment.  Accordingly, the privilege should not apply.

<u>10/28/02</u>

Defendant objects to release of this incident report, claiming it contains statements Whitney gave to police, without an indication that Whitney received Miranda warnings.  However, the incident report was prepared by a shift supervisor, and not the police.  The report merely notes that Whitney gave his side of the story to police.  The report does not indicate what Whitney said. Lastly, the sequence of events, as reported, indicates that information in the incident report was taken before the police were contacted and later arrived.

<u>7/3/02</u>

This incident report does not contain statements of Donald Whitney made in the course of diagnosis or treatment.  Indeed, as to Whitney, it merely reports that he denied participation in an inappropriate conversation about sexual arousal.

<u>12/21/99</u>

This incident report does not reflect communications made to a licensed social worker in the course of diagnosis or treatment. Statements attributable to Whitney concern reports of conduct by others, and Whitney's admission to a shift supervisor that he had engaged in consensual sexual conduct with another resident.

<u>1/7/01</u>[1]

<u>12/31/97 Psychological Evaluation</u> [and]

<u>2/14/01 Extension of Commitment Evaluation</u>

Defendant objects that the warnings in these reports did not inform Whitney that his statements could be used beyond the DYS evaluation (11/7/01), pending juvenile court proceeding (12/31/97 Psychological Evaluation) or commitment evaluation (2/14/01 Extension of Commitment Evaluation.  This objection elevates form over substance.  The warnings were given pursuant to M.G.L. ch.233 §20B.  The statute makes clear that it applies to particular communications, and not to the proceeding in which it is to be used.  In each instance here, Whitney provided information after being informed of the lack of confidentiality attending statements he made during the evaluation.  This reading makes sense since the warnings advised Whitney that what he said would be included in the written report, which are now the subjects of this motion.

---

[1] We are assuming because of the similarity in dates, and the nature and content of defendant's objection that defendant is referring to a Treatment Needs Evaluation Report dated 11/7/01.

Finally, it is clear that particular proceedings were referenced not to limit the scope of the lack of confidentiality, but merely to place in context for Whitney why the interview was being conducted.

### 12/13/02 Monthly Case Review

The government disagrees that the content of this report falls within a privilege. Although no Lamb warnings are noted as being given, the report is largely an evaluation of defendant's academic and program history. Even information under the heading "Clinical" that deals with defendant's statements are generally impressions, and not defendant's statements themselves. Accordingly, this review should not be protected from disclosure.

### 2/18/01 and 5/26/01

We could not locate reports with these dates.

### 12/2/99[2]

This is a "report on internal investigation." It does not contain qualifying confidential communications made in the course of diagnosis or treatment. Indeed, it is unclear whether the report contains statements as to defendant at all. The government does not oppose redacting those portions of the report that do not refer to defendant.

---

[2] We are assuming because of the similarity in dates, and the nature and content of defendant's objection that defendant is referring to a Report on Internal Investigation dated 12/23/01.

### 8/24/99 Termination Report

This document reports defendant's academic performance, attitude and interests. It does not contain qualifying confidential statements.

### 5/30/03

The government agrees that no Lamb warnings were given and that there are statements in the first two paragraphs of the report that fall within the privilege and should be redacted.

### Bob Gauthier Report - Service Report

Most of this report is a non-privileged assessment of defendant's participating on programs at DYS. The government agrees that on the first page, under the heading "Progress" there are statements that fall within the privilege and should be redacted.

### 5/21/99b Key Program

The only privileged statement in this report is on the first page below the heading "Progress." The third sentence is a statement attributable to defendant. The balance of a report is an assessment of his participation in programs and general conduct.

### 5/22/98 Classification Panel Report

This report does not contain privileged statements made to a qualified professional.

### 12/18/00

Generally, this progress report does not contain privileged

statements. The report does contain under the heading "Clinical" only statements of defendant. These may be privileged and should be redacted.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                  United States Attorney


                       By: /s/ David Hennessy
                           David Hennessy
                           Assistant U.S. Attorney.


SS.: WORCESTER

## CERTIFICATE OF SERVICE

    I, David Hennessy, Assistant U.S. Attorney, hereby certify that a copy of the foregoing was served by U.S. Mail on Daniel Bennett, Esq., 15 Foster Street, Quincy, Massachusetts 02169, on this, the 30th day of May, 2006.

                                  /s/ David Hennessy
                                  David Hennessy
                                  Assistant U.S. Attorney